# IN THE COURT OF APPEALS OF IOWA

No. 21-1236
Filed February 16, 2022

**IN THE INTEREST OF A.N., E.N., M.N., R.I., and A.B.,**
**Minor Children,**

**A.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

A mother challenges the termination of her parental rights. **AFFIRMED.**

Jane M. White of Gribble Boles Stewart Witosky, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Kayla Stratton of Juvenile State Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

A mother challenges the termination of her parental rights to five children: A.B., born in 2003; R.I., born in 2006; E.N., born in 2008; M.N., born in 2010; and A.N., born in 2012.[1] All children are over the age of four, were adjudicated children in need of assistance (CINA), have been out of their mother's custody for more than the statutory time period, and cannot be returned to the mother's care because she is currently incarcerated with a tentative discharge date of 2025. Consequently, there is clear and convincing evidence supporting the court's termination of her parental rights pursuant to Iowa Code section 232.116(1)(f) (2021).

The mother does not dispute grounds for termination exists. *See In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010) (stating we consider a three-step analysis in our de novo review of termination proceedings, but we need not discuss any step the parent fails to raise on appeal). Thus, we address whether termination is in the children's best interests and whether a permissive exception exists to avoid termination. *See* Iowa Code § 232.116(2)–(3); *P.L..,* 778 N.W.2d at 40–41. The mother conflates these two steps of the analysis, asserting that allowing the children to maintain a relationship with her is in the children's best interests and arguing that guardianships in the children's current placements is a better alternative.

"[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination." *In re A.S.,*

---

[1] The father's rights were also terminated. He does not appeal.

906 N.W.2d 467, 476 (Iowa 2018). The mother has not carried her burden. The three youngest children, E.N., M.N., and A.N., are currently in the custody of an adult sister. This older sister and a now-adult brother provided much of the younger children's care when the children were in their mother's custody because the mother drank to intoxication, failed to provide care and supervision, and became verbally and physically abusive. All the children are bonded with each other and their adult siblings. The evidence does not suggest a strong bond exists between the mother and children. The three youngest are happy and thriving in their sister's care, who plans to adopt them. The department of human services (DHS) case manager recommended termination of parental rights and adoption for the youngest three. We give their recommendations weight. *See id.* We also note "a guardianship is not a legally preferable alternative to termination." *Id.* at 477 (citation omitted). For the three youngest, termination and adoption will better provide permanency and stability.

The oldest two children, A.B. and R.A., are in foster care placement. The two eldest requested termination of their parents' rights. A.B., who was almost eighteen, asked to remain under DHS custody to be eligible for another-permanent-plan-living-arrangement benefit. R.A. expressed a desire to remain with their current foster placement under guardianship. A.B. and R.A. do not want to maintain a relationship with their mother, noting the trauma they have endured and that they seek a "fresh start in their placement."

The DHS case manager, third-party service provider, and the guardian ad litem recommended termination of parental rights as the best avenue to provide

for all the children's safety and long-term stability. They opined the children need permanency and closure. We agree and therefore affirm.

**AFFIRMED.**